# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ————————————— | ) | |
| EUGENE MATHISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-2164 (CKK) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————— | ) | |

## MEMORANDUM OPINION

For the reasons discussed below, the Court will grant defendant's motion to dismiss.

## I.   BACKGROUND

### A. A Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  There is "[a] 1-year period of limitation . . . to [file] a motion under this section," which "shall run from the latest of . . . the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action [or] . . . the date on which the

facts supporting the claim or claims presented could have been discovered through the exercise

of due diligence." 28 U.S.C. § 2255(f)(2), (4).  The statute further provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is <u>authorized</u> to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is <u>inadequate</u> or <u>ineffective</u> to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

Generally, a court does not "entertain an application for a writ of habeas corpus to inquire

into the detention of a person pursuant to a judgment of a court of the United States if it appears

that the legality of such detention has been determined" already "on a prior application for a writ

of habeas corpus, except as provided in [§] 2255." 28 U.S.C. § 2244(a).  Only under certain

circumstances will a court hear a claim presented in a second or successive § 2255 motion.  *See*

28 U.S.C. § 2244(b).  Before a prisoner may file a  second or successive motion under § 2255, he

first must "move in the appropriate court of appeals for an order authorizing the district court to

consider the application." 28 U.S.C. § 2244(b)(3)(A).

   *B.  Plaintiff's Criminal Convictions and Efforts to Obtain Post-Conviction Relief*

Two separate criminal cases were brought against plaintiff in the United States District

Court for the District of South Dakota.  *See Mathison v. Morrison*, No. 06-3496, 2007 WL

3224671, at *1 (D. Minn. Nov. 1, 2007).

1.  <u>The Mail Fraud Case</u>

Plaintiff "was alleged to have operated a small Ponzi scheme in the early 1990s which

involved an alleged $1.3 million in losses."  Compl. ¶ 9.  With respect to the charges brought in

connection with the Ponzi scheme (the "mail fraud case"), the United States Court of Appeals for
the Tenth Circuit described plaintiff's convictions and efforts to obtain post-conviction relief as
follows:

> [On September 12, 1997], [plaintiff] was convicted in the United
> States District Court for the District of South Dakota of conspiracy,
> mail fraud, wire fraud, and money laundering. He was sentenced to
> a total of 246 months followed by three years of supervised release.
> He also was ordered to pay over $1.3 million in restitution. On direct
> appeal, the United States Court of Appeals for the Eighth Circuit
> affirmed. *See United States v. Mathison*, 157 F.3d 541 (8th Cir.
> 1998), *cert. denied*, 525 U.S. 1089, 119 S.Ct. 841, 142 L.Ed.2d 696
> (1999).
>
> In 2000, [plaintiff] filed his first 28 U.S.C. § 2255 motion in the
> district court for the District of South Dakota, which was denied as
> barred by the one-year statute of limitations. On appeal, the Eight
> Circuit denied a certificate of appealability and dismissed. *See
> Mathison v. United States*, No. 01-1078 (8th Cir. June 6, 2001)
> (unpublished). In 2001, he filed a second § 2255 motion in the
> District of South Dakota, which the district court denied. On appeal,
> the Eighth Circuit remanded the case with directions to dismiss the
> second § 2255 motion, for lack of subject matter jurisdiction, as a
> unauthorized second or successive motion. *See Mathison v. United
> States*, No. 02-3926 (8th Cir. May 6, 2003) (unpublished). In 2003,
> he filed a third § 2255 motion, which the district court dismissed
> because [plaintiff] failed to obtain an order from the Eighth Circuit
> authorizing the district court to consider this third motion. On appeal,
> the Eighth Circuit denied a certificate of appealability and dismissed.
> *See Mathison v. United States*, No. 03-3202 (8th Cir. Nov. 26, 2003)
> (unpublished). Then, in 2006, [plaintiff] filed a motion for
> authorization to file second or successive § 2255 motions, which the
> Eighth Circuit denied. *See Mathison v. United States*, No. 06-1134
> (8th Cir. Mar. 23, 2006) (unpublished).

*Mathison v. Wiley*, 281 Fed. Appx. 845, 847 (10th Cir.) (per curiam), *cert. dismissed*, __ U.S. __,
129 S.Ct. 317 (2008); *see also Mathison v. Morrison*, 2007 WL 3224671, at *1.

## 2.  The Tax Evasion Case

Plaintiff was "charged with tax evasion . . . after he was indicted for the [mail fraud] case," an indictment allegedly prompted by plaintiff's refusal "to lie and plead guilty and implicate four men whom he knew were 100% innocent."  Compl. ¶ 9.  On June 10, 1997, the court "sentenced [him] to 21 months in prison, and three years of supervised release," and the "sentence in the mail fraud case [was to] run concurrently with his sentence in the tax evasion case."  *Mathison v. Morrison*, 2007 WL 3224671, at *1.  His convictions were affirmed on appeal.  *United States v. Mathison*, 162 F.3d 1165 (8th Cir. 1998) (per curiam).  Plaintiff filed a § 2255 motion in the tax evasion case "timely within one year of the finality of his conviction," and it "was docketed as 99-4208 (D.S.D. 1999)."  Compl. ¶ 10.

### C.  Plaintiff's Claims

Two of plaintiff's claims pertain to the one-year period within which a person must file a motion to vacate, set aside or correct the sentence, *see* 28 U.S.C. § 2255(f), and the third pertains to the meaning of the terms "authorized," "inadequate" and "ineffective" as used in 28 U.S.C. § 2255(e).

## 1.  Impediment Caused by Governmental Action

Immediately after completing the § 2255 motion in the tax evasion case, plaintiff began work on his § 2255 motion in the mail fraud case.  Compl. ¶ 12.  At that time, there were "about two months remaining until his one-year limitation under § 2255(f)(1) was over."  *Id.*

On December 4, 1999, plaintiff was transferred from one Federal Bureau of Prisons facility to another so that he could appear on charges in another criminal case: the government "had indicted him as a coconspirator with" an individual against whom prosecutors wanted

plaintiff to testify.  *Id.*  The charges were dropped about one year later.  *Id.*  However, plaintiff "was held for the remainder of his one-year limitation to filing [a § 2255 motion in the mail fraud case] on 24-hour lockdown, without any adequate law libraries or adequate assistance from persons trained in the law."  *Id.* (internal quotation marks and citation omitted).  According to plaintiff, "[d]ue to the impediment to filing [caused] by governmental action in violation of the Constitution, . . . [he] was unable to complete his motion until March 31, 2000, several weeks past the one-year limitation under [28 U.S.C. § 2255](f)(1)."  *Id.*

The Court construes plaintiff's assertions as an argument for the tolling of the one-year period of limitation for filing a § 2255 motion in the mail fraud case: an allegedly unconstitutional governmental action, an indictment on charges eventually dropped, created an impediment to the timely filing of his § 2255 motion, such that the one-year period of limitation should run from the date on which the impediment was removed.

## 2.  Newly Discovered Facts

With the § 2255 motion in the mail fraud case, plaintiff allegedly "presented an abundance of newly discovered evidence . . . , including sworn affidavits from government witnesses who recanted their testimony . . ., sworn declarations from people unavailable before trial who had finally agreed to tell the court facts which proved perjury on the part of government-agent witnesses[,] [and] [d]ocumentary evidence proving the prosecutors suborned perjury from witnesses."  Compl. ¶ 14.  According to plaintiff, "none of this could have been obtained before trial or before the § 2255 motion was filed."  *Id.*  Rather, plaintiff alleged that "[t]he earliest discovery which supported a claim that the matter should never have gone to trial was obtained quite accidently on about December 15, 1999."  *Id.*  On this basis, plaintiff asserted

that "the one-year limitation under § 2255(f)(4) should have run until mid-December 2000." *Id.*

The Court construes plaintiff's assertions as an argument the one-year limitation period should run from December 1999, the approximate date "on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

### 3. Vagueness

Plaintiff alleges that "28 [U.S.C.] § 2255(e) is unconstitutionally vague" because "neither Congress nor the courts have provided sufficient guidance as to the meaning of the phrases and words used." Compl. at 1. Plaintiff is referring to the terms "authorized," "inadequate," and "ineffective," with respect to all of which "the courts have expressed uncertainty as to what Congress had in mind when it used this language in the statute." *Id.* ¶ 4. If plaintiff cannot seek relief under 28 U.S.C. § 2255, he asserts that, in the alternative, he must be allowed to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See id.* ¶ 6.

As stated previously, plaintiff was tried, convicted, and sentenced in two separate criminal proceedings before the United States District Court for the District of South Dakota, and he filed a § 2255 motion in both the tax evasion case (No. 99-4208) and in the mail fraud case (No. 00-4055). *See* Compl. ¶ 13. According to plaintiff, the Magistrate Judge before whom the motion in the mail fraud case was pending "never read a single thing Plaintiff said in his pleadings," and recommended that the motion "be denied as time barred [based] solely on the AUSA's response" to the motion filed in the tax evasion case. *Id.*; *see id.*, Ex. A at 1-2; *see also* Pl.'s Opp'n at 6. "When [p]laintiff filed his objections[,]" he asserted "that the court couldn't adopt findings on the wrong case." Compl. ¶ 13. The district judge adopted the Magistrate

Judge's recommendation and denied the motion.  *Id.*  Plaintiff's efforts to secure a certificate of

appealability were unsuccessful.  *Id.*

      Undaunted, "[a]fter pursuing every possible remedy in the courts to get the issues [he]

actually raised in his 00-4055 § 2255 adjudicated," plaintiff filed a petition for a writ of habeas

corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado,

the district in which he was incarcerated at that time.  Compl. ¶ 15.  Plaintiff argued that his

remedy under § 2255 was inadequate and ineffective because the sentencing court refused to

consider his motion altogether.  *See* Compl. ¶¶ 13, 15.  In his view, "it would be ludicrous to

believe that a dismissal based on a magistrate's recommendation, based in turn, upon the

government's <u>response</u> to the <u>WRONG</u> motion and a refusal to even look at the actual motion

could be deemed 'inadequate' and 'ineffective.'" *Id.* (emphasis in original).  In short, he believed

that "[a] § 2255 motion can't possible [sic] be adequate or effective if it's not considered." *Id.*

Neither the District of Colorado nor the Tenth Circuit agreed with these arguments.  Compl. ¶¶

16, 18; *see Mathison v. Wiley*, No. 08-1377, 2009 WL 784257, at *2 (10th Cir. Mar. 26, 2009)

(affirming district court's dismissal of plaintiff's § 2241 petition because "a collateral challenge

to a federal conviction or sentence generally must be raised in a motion to vacate filed in the

sentencing court under § 2255, and not in a habeas petition filed in the court of incarceration

under § 2241," and that plaintiff "failed to establish that the remedies available to him under §

2255 are inadequate or ineffective"); *Mathison v. Wiley*, No. 08-cv-0009-BNB, 2008 WL

465294, at *2 (D. Colo. Feb. 15, 2008) (denying plaintiff's habeas corpus petition because

plaintiff "has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States

District Court for the District of South Dakota"), *recons. denied*, 2008 WL 579949 (D. Colo.

Mar. 3, 2008), *aff'd*, 281 Fed. Appx. at 847.

Plaintiff deems his § 2255 remedy inadequate and ineffective due to the sentencing

court's alleged failure to consider the merits of his motion, and he argues that he should be

allowed to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the alternative.

However, because of the collective failure of Congress and the courts to define the terms

"inadequate" and "ineffective" for purposes of § 2255(e), he is prevented from pursuing a habeas

remedy under both § 2255 and § 2241.  *See* Compl. ¶¶ 6-7, 15, 19; *see also* Pl.'s Opp'n at 7 ("As

worded, absent any definitive, explicit direction for all the courts to follow, the (e) paragraph of §

2255 must be held unconstitutional as it leaves Plaintiff deprived of a fundamental privilege the

Founding Fathers and Congress provided for testing the legality of his sentence.").

### D.  Demand for Relief

According to plaintiff, he "had an absolute right" to file a motion under [§] 2255 in the

mail fraud case, Compl., Ex. A at 3, and he was "denied that right because the sentencing court

refused to consider [his] § 2255 [motion] altogether."  Compl. ¶ 19.  He asks this Court to "rule

that subsection (e) of 2255 is unconstitutionally vague; [and] that Plaintiff . . . have at least one

unimpeded procedural shot at collateral relief."  *Id*. at 9 (Relief Requested).  In the alternative,

plaintiff demands "a declaratory judgment ordering Defendant to clarify what is meant by the

terms used in § 2255(e)[.]"  *Id.*

## II.  DISCUSSION

Defendant moves to dismiss the complaint on three grounds: (1) that the Court lacks

subject matter jurisdiction because plaintiff has no standing to bring his claims; (2) that the

complaint fails to state a claim upon which relief can be granted; and (3) that plaintiff's claims

are barred by res judicata or collateral estoppel.  *See* Mem. of P. & A. in Support of Def.'s Mot.

to Dismiss the Compl. at 4-13.  Because the Court determines that plaintiff lacks standing to

bring his claims, the Court will not address the two alternative bases for dismissal.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases

and Controversies.'"  *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir.) (quoting U.S.

CONST. art. III, § 2), *cert. denied*, __ U.S. __, 129 S.Ct. 1918 (2008).  A party has standing for

purposes of Article III if his claims "spring from an 'injury in fact' – an invasion of a legally

protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable'

to the challenged act of the defendant, and likely to be redressed by a favorable decision in the

federal court."  *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  "The redressability element of

standing requires that it be 'likely, as opposed to merely speculative, that the injury will be

redressed by a favorable decision.'"  *Defenders of Wildlife v. Gutierrez*, 532 F.3d 913, 924 (D.C.

Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. at 561).

Plaintiff's perceived injury is his inability to mount a collateral challenge to his

conviction and sentence in the mail fraud case because of the ill-defined terms in § 2255(e), or,

alternatively, because of the one-year limitations period within which to file a § 2255 motion has

run.  It appears, then, the plaintiff's only injuries come about because the federal courts in which

he has filed his various motions, petitions and appeals have applied the law in accordance with

controlling precedent.  In defendant's view, "[p]laintiff's quarrel . . . is not with the language of

the statute, but with the fact that courts have ruled against him."  Def.'s Mot. at 11.

Section 2255 "is the exclusive remedy for a federal prisoner attacking the legality of his

detention." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).  Although "[v]arying

standards have been adopted by the circuits for determining when § 2255 is 'inadequate or

ineffective,'" *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002) (citing cases), it is settled that § 2255

"is not inadequate or ineffective merely because an individual is unable to obtain relief under that

provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted); *Caravalho v.*

*Pugh*, 177 F.3d at 1178 ( "That [plaintiff] may be barred from filing a second or successive

motion pursuant to § 2255 in the sentencing court does not establish that the remedy provided in

§ 2255 is inadequate or ineffective.").  As the Tenth Circuit has observed in one of plaintiff's

prior cases, "[t]he mere fact that [plaintiff] was denied relief under § 2255 does not establish that

this statutory remedy is inadequate or ineffective," and  "the fact that he is precluded from filing

another § 2255 motion in the District of South Dakota does not establish that this statutory

remedy is inadequate or ineffective." *Mathison v. Wiley*, 281 Fed. Appx. at 847.  Nor is the §

2255 remedy inadequate or ineffective "merely because the one-year statute of limitations for a

petition under that section has expired." *Tortaro v. Marberry*, 305 Fed. Appx. 9 (3d Cir. 2008)

(per curiam) (citation omitted).

Moreover, equitable tolling of the limitations period is warranted in only the most

extraordinary of circumstances.  *See United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000)

(citing *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), *cert.*

*denied*, 522 U.S. 1099 (1998)).  A defendant who is without legal representation, or sits on his

rights, or is ignorant of the law, does not present extraordinary circumstances.  *Id.*; *see also*

*United States v. Saro*, 252 F.3d 449, 453-55 (D.C. Cir. 2001) (affirming district court's

conclusion that a § 2255 motion was time-barred because of malfeasance by a prisoner's attorney

does not constitute extraordinary circumstances bringing the doctrine of equitable tolling into play), *cert. denied*, 534 U.S. 1149 (2002).  Neither plaintiff's transfer from one prison to another nor his placement in a housing unit without legal materials is an extraordinary circumstance to warrant tolling of the limitations period.  *United States v. Brittain*, 41 Fed. Appx. 246, 249 (10th Cir.) (finding that a prisoner's "transfers to and from various prisons were not exceptional circumstances and, while inconvenient, did not rise to such a level that they prevented [him] from timely filing" his § 2255 motion, and that his "allegations regarding the inadequacies of the available legal materials for inmates with visual impairments were likewise insufficient"), *cert. denied*, 537 U.S. 913 (2002); *United States v. Hill*, No. 00-425-07 HHK/DAR, 2008 WL 172077, at *8 (D.D.C. Jan. 18, 2006) (Magistrate Report and Recommendation that a petitioner who had been in transit and later in administrative segregation in a special housing unit with limited access to legal materials did not present circumstances to warrant the equitable tolling of the one-year limitations period for filing a § 2255 motion).

Even if this Court were to rule in plaintiff's favor on any of these claims, it is beyond this court's authority to entertain a § 2255 motion, to direct the sentencing court to entertain a § 2255 motion, or to entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Only the appropriate court of appeals may issue an order authorizing the sentencing court to entertain a second or successive motion under § 2255, 28 U.S.C. §§ 2244(b)(3)(A), 2255(h), and only the district court having jurisdiction over plaintiff's current warden may entertain a habeas petition under 28 U.S.C. § 2241, *see Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir.) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."), *cert. denied*, 543 U.S. 975

(2004).

## III.   CONCLUSION

Because plaintiff lacks standing to bring his claims, the Court will grant defendant's

motion to dismiss.  An Order accompanies this Memorandum Opinion.


_____ /s/ _____

COLLEEN KOLLAR-KOTELLY

United States District Judge

DATE: August 29, 2009