UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EUGENE MATHISON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-2164 (CKK) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

On August 29, 2009, the Court dismissed this civil action on the ground that plaintiff lacked standing to bring his claims.[1] *Mathison v. United States*, __ F. Supp. 2d __, __, 2009 WL 2707578, at *7 (D.D.C. Aug. 29, 2009). This matter is before the Court on plaintiff's motion to alter or amend judgment under Fed. R. Civ. P. 59(e), which defendant has opposed, and plaintiff's reply.

Plaintiff notes that the Court screened his complaint before docketing, *see* 28 U.S.C. § 1915A(a), and declined to dismiss the complaint either as frivolous or because it fails to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). *See* Pl.'s Mot. at 1-2. In light of the Court's approval of his application to proceed *in forma pauperis*, plaintiff argues that defendant's motion to dismiss "ought not be granted and that the Court alter

---

[1] Plaintiff apparently has not received a copy of the Court's August 29, 2009 Memorandum Opinion and Order. The Court will direct the Clerk to mail a copy to plaintiff at his current address of record.

1

or amend its judgment to allow the matter to proceed."[2] *Id.* at 2.  In the alternative, if his complaint is frivolous or fails to state a claim upon which relief can be granted, plaintiff "avers that the Court ought to order the Clerk to refund the money paid to date to him as the complaint ought never to have been docketed[.]" *Id.*

A motion under Rule 59(e) is "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C.2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)); *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004).  "A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation omitted).  Plaintiff makes no such showing, and his motion will be denied.  *See, e.g., Solomon v. Univ. of S. California*, 255 F.R.D. 303, 304 (D.D.C. 2009) (denying Rule 59(e) motion filed plaintiff who neither "identifie[d] [a] change of controlling law or new evidence . . ., demonstrate[d] the need to correct a clear error, nor . . . established extraordinary circumstances").

The Court will deny plaintiff's request for return of the filing fee paid to date.  "[I]f a prisoner brings a civil action . . . in forma pauperis, [he] shall be required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), and he shall pay the fee in monthly installments.  28

---

[2]  Plaintiff appears to be under the mistaken impression that the Court's screening decision on initial review of a complaint prevents the Court from reaching a different conclusion on consideration of the merits of the complaint after the parties have had an opportunity to present their respective arguments.

U.S.C. § 1915(b)(2). Plaintiff cites no authority for the proposition that a prisoner is entitled to a refund of a filing fee upon dismissal of his complaint.

The Court will deny plaintiff's motion to alter or amend judgment. An Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: October 13, 2009